UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington Corporation, | CASE NO. C16-0807RSM |
| Plaintiff, | ORDER TRANSFERRING CASE TO MASSACHUSETTS |
| v. | |
| JOHN DOES 1-10 using IP address 66.51.73.111, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on Defendants Charlie's One Stop Computer Center Inc.'s ("Charlie I") and Michael Aucoin's Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Dkt. #27. For purposes of this motion, Defendants argue that this Court lacks jurisdiction because maintaining the action here is not reasonable. *Id.* at 3. Plaintiff opposes the motion on the merits, but does not oppose a transfer of this action to the District of Massachusetts. Dkt. #35. Accordingly, for the reasons discussed herein, the Court GRANTS Defendants' Motion in Part and hereby TRANSFERS this matter to Massachusetts.

## II. BACKGROUND

On June 1, 2016, Plaintiff filed a Complaint against John Doe Defendants alleging that unknown persons had infringed on several software trademarks by illegally installing such

ORDER
PAGE - 1

software on computers using fraudulent product keys. *See* Dkt. #1.  On June 23, 2016, Microsoft sought expedited discovery to uncover the identity of the John Doe Defendants, which this Court granted.  Dkts. #5 and #7.  As a result, Plaintiff identified Defendant Charlie's One Stop Computer Center II, Inc. ("Charlie's II"), an entity that had purchased assets of Charlie I.  *Id.* Plaintiff amended its Complaint for a second time on May 10, 2017, to add Charlie I and Mr. Aucoin as additional Defendants.  Dkt. #17.  The instant motion followed.

### III.  DISCUSSSION

#### A.  Legal Standard for Transfers of Venue

Under 28 U.S.C. § 1404, this Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 3:12-CV-05502-BHS, 2013 U.S. Dist. LEXIS 12690, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

In the instant matter, Defendants admit that the District of Massachusetts as an alternate forum "exists and is available here."  Dkt. #27 at 8.  Defendants further admit that they both "reside" and "may be found" in that District, that it will be more convenient, and more efficient. *Id.* at 8-12.  Plaintiff does not oppose the transfer of this matter to the District of Massachusetts. Dkt. #35 at 15-16.  In fact, Plaintiff asserts that if this Court were to dismiss this action for lack

ORDER
PAGE - 2

of personal jurisdiction, it would simply refile the matter against the Defendants in that District. Dkt. #35 at 16.

Accordingly, having reviewed the parties' briefing, the Declarations in support thereof, and the remainder of the record, the Court finds that transfer is appropriate.

**B. Request for Attorney's Fees**

Defendants seek attorney's fees pursuant to RCW 4.28.185(5) for the costs associated with litigating this matter in Washington. Dkt. #27 at 15. Washington's long-arm statute provides that if a defendant is served under the statute "and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorney's fees." RCW 4.28.185(5). Plaintiff opposes the request, arguing that its matter was brought in this jurisdiction in good faith, it was not meant for the purpose of harassing Defendants, and that it offered to transfer the case to Massachusetts after the motion to dismiss was filed. Dkt. #35 at 16-18.

As the Washington Supreme Court has noted, frivolity and harassment are only the "first question[s]" to be answered when evaluating whether to award fees under RCW 4.28.185(5). *State v. O'Connell*, 84 Wn.2d 602, 606, 528 P.2d 988 (1974). If there were a reasonable basis for believing that personal jurisdiction over the defendant existed, the next question is:

> Has the defendant, in being forced to defend the action in this state, been subjected to burdens and inconveniences which would have been avoided had the trial been conducted at the place of his domicile, which are not balanced by conveniences to the defendant resulting from the trial of the action in this state, and which are of sufficient severity to warrant the court in concluding that, without the award of attorney fees, traditional notions of fair play and substantial justice would be violated?

*O'Connell*, 84 Wn.2d at 606.

ORDER
PAGE - 3

In this case, the Court is discouraged by Plaintiff's lack of effort to resolve the instant jurisdictional questions efficiently. Indeed, it first threatened Defendants that it would vigorously defend against any motion to dismiss for lack of jurisdiction, *see* Dkt. #37-1, Ex. A., and then ("upon further consideration") only after the instant motion was filed informed Defendants that it would consent to transfer of this matter to Massachusetts, but <u>only</u> if Defendants withdrew the motion and request for attorney's fees. Dkt. #36-1 Ex. A. This resulted in both the parties and the Court utilizing their time and resources to address the motion, when Plaintiff ultimately did not oppose transfer. Accordingly, the Court finds that it is appropriate to exercise its discretion to compensate Defendants for the reasonable fees incurred in bringing this motion.

## IV.   CONCLUSION

Having reviewed Defendants' motion, the opposition thereto, and reply in support thereof, along with the remainder of the record, the Court hereby finds and ORDERS:

1. Defendants' Motion to DISMISS (Dkt. #27) is GRANTED IN PART as discussed above. This matter is hereby TRANSFERRED to the District of Massachusetts for all further proceedings.

2. The pending Motion to Dismiss Cross-Claims (Dkt. #33) and Motion to Dismiss (Dkt. #40), shall be REMOVED from this Court's motion calendar and TRANSFERRED to the District of Massachusetts for resolution. The Defendants who filed those motions SHALL BE RESPONSIBLE for noting them in the District of Massachusetts pursuant to that Court's Local Rules.

3. No later than fourteen (14) days from the date of this Order, Defendants Charlie I and Mr. Aucoin shall file a Supplemental Motion for Fees and Costs in this Court, appending the evidence necessary to support its request under RCW 4.28.185(5).

Defendants **shall note the motion for two Fridays after the date it is filed**. Plaintiff shall respond no later than the Monday prior to the noting date, and shall limit its response to the issue of the reasonableness of the fees and costs sought by Defendants. No Reply brief shall be filed unless otherwise requested by the Court.

DATED this 21st day of September 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE